■ In the Matter of ARLINGTON TEACHERS ASSOCIATION et al., Respon-

dents, v BOARD OF EDUCATION OF THE ARLINGTON CENTRAL SCHOOL DISTRICT, Appellant.—In a proceeding pursuant to CPLR article 75 to compel arbitration, the appeal is from a judgment of the Supreme Court, Dutchess County, dated January 10, 1978, which (1) granted the application and (2) denied appellant's cross motion to stay arbitration. The appeal brings up for review so much of an order of the same court, dated May 2, 1978, as, upon reargument, adhered to its original determination. Appeal from judgment dismissed, without costs or disbursements. The judgment was superseded by the order dated May 2, 1978. Order reversed insofar as reviewed, without costs or disbursements, application to compel arbitration denied and cross motion to stay arbitration granted. The appellant Board of Education of the Arlington Central School District served charges against petitioner Burger in May, 1976. Thereafter, a hearing was held pursuant to section 3020-a of the Education Law. On October 23, 1976 the hearing panel unanimously found Burger guilty of immoral conduct and conduct unbecoming a teacher. The board determined on November 15, 1976 that Burger was guilty of the charges and dismissed him as a teacher. On December 16, 1976 the petitioners Burger and the Arlington Teachers Association filed a grievance under the provisions of a collective bargaining agreement seeking Burger's reinstatement. On March 7, 1977 the board denied the grievance. On March 15, 1977 Burger commenced a proceeding under CPLR article 78 to review the board's determination finding him guilty of the charges and dismissing him as a teacher (*Matter of Burger v Board of Educ.,* 72 AD2d 603). On May 4, 1977 the petitioners moved to compel arbitration with respect to Burger's dismissal. The board cross-moved to stay arbitration. Special Term granted the petitioners' motion and denied the cross motion. The board's appeal from the order of Special Term and petitioner Burger's proceeding under CPLR article 78 were argued together. We have confirmed the determination made by the board with respect to the charges and the penalty of dismissal imposed. The petitioner teachers association seeks arbitration on behalf of Burger; there is no right of the teachers association *pro se* which it seeks to vindicate. Burger, however, prior to joining the teachers association in this application, had opted to have the charges against him heard and decided pursuant to section 3020-a of the Education Law, and upon the rendition of the determination finding him guilty, had brought a CPLR article 78 proceeding to review the determination, which we have confirmed. This forecloses any claim for arbitration. "Once the controversy is heard and a decision arrived at *either* by the arbitrator *or* by the commissioner *or* by the judge, that is the end of the matter" (*Board of Educ. v Associated Teachers of Huntington,* 30 NY2d 122, 132). Hence, the order must be reversed insofar as reviewed, the motion to compel arbitration denied and the cross motion to stay arbitration granted. Mollen, P. J., Hopkins, Titone and Mangano, JJ., concur.